IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

```
WATERHILL COMPANIES LIMITED,      §
                                  §
            Plaintiff,            §
                                  §
v.                                §   CIVIL ACTION NO. H-05-4080
                                  §
GREAT AMERICAN ASSURANCE          §
COMPANY,                          §
                                  §
            Defendant.            §
```

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Waterhill Companies Limited ("Waterhill"), filed a petition in the 125th Judicial District Court of Harris County, Texas, against the defendant, Great American Assurance Company ("Great American").[1] Great American removed the action to this court pursuant to 28 U.S.C. §§ 1332 and 1441.[2] Pending before the court is Defendant's Motion for Summary Judgment (Docket Entry No. 5).[3] For the reasons explained below, defendant's motion will be granted.

---

[1] Plaintiff's Original Petition, contained in Notice of Removal, Exhibit 2, Docket Entry No. 1.

[2] Notice of Removal, Docket Entry No. 1.

[3] Great American filed its Motion for Summary Judgment on February 10, 2006, but Waterhill has failed to file a response. See S.D. Tex. Civ. R. 7.3 & 7.4 (providing that responses must be filed within 20 days).

## I. <u>Standard of Review</u>

Summary judgment is authorized if the movant establishes that there is no genuine dispute about any material fact and the law entitles it to judgment. Fed. R. Civ. P. 56(c). The movant bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of . . . [the record], which it believes demonstrate the absence of a genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>, 106 S.Ct. 2548, 2553 (1986). Disputes about material facts are genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S.Ct. 2505, 2511 (1986).

Once the movant demonstrates the absence of a genuine issue of material fact, the "adverse party may not rest upon mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Factual controversies are to be resolved in favor of the nonmovant "only when . . . both parties have submitted evidence of contradictory facts." <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

While federal law establishes the standards for summary judgment, in a diversity case this court applies the substantive

-2-

law of Texas.  <u>Erie Railroad Co. v. Tompkins</u>, 58 S.Ct. 817 (1938); <u>General Accident Ins. Co. v. Unity/Waterford-Fair Oaks, Ltd.</u>, 288 F.3d 651, 653 (5th Cir. 2002).

## II.  Background and Analysis

Waterhill is a company that builds homes in and around Houston, Texas.[4]  Waterhill purchased Texas Inland Marine Insurance Policy No. TIM 1-86-43-91-02 ("the Policy") from Great American to provide "builder's risk" coverage for Waterhill's construction projects.[5]  On October 5, 2003, during the effective dates of the Policy, a fire damaged one of the houses under construction by Waterhill.[6]

Great American asserts the following facts, which Waterhill does not dispute:[7]  On October 7, 2003, Waterhill provided Great American with notice that the home in question, within two weeks of completion, was damaged by fire.  On March 15, 2004, after investigation and disagreement between the parties regarding the amount due under the policy, Great American tendered a check for

---

[4] Plaintiff's Original Petition, ¶ 5.

[5] <u>Id.</u>

[6] <u>Id.</u> at ¶ 6.  The cause of the fire was arson.  Defendant's Motion for Summary Judgment, Docket Entry No. 5, ¶ 2.

[7] See Defendant's Motion for Summary Judgment, Docket Entry No. 5.  Waterhill failed to file a response to the Motion for Summary Judgment disputing Great American's factual assertions, and its Original Petition does not contain any factual recitations contrary to those of Great American.

$143,490.65 to Waterhill and invoked the Appraisal Provision of the Policy. Great American appointed its appraiser, and Waterhill followed suit on April 9, 2004. The parties agreed on an umpire, and a joint inspection was scheduled for May 21, 2004. On June 1, 2004, Great American's appraiser submitted a repair estimate in the amount of $165,386.74. In September of 2004 Waterhill's appraiser submitted an estimate for $298,000. After negotiations between the appraisers and the umpire, a final award of $203,083.51 was agreed upon between Great American's appraiser and the umpire. Great American tendered a check for $58,592.86 to Waterhill on November 19, 2004. This amount represents the difference between $203,083.51 and $143,490.65, less Waterhill's $1,000 deductible. On October 4, 2004, Waterhill filed suit against Great American, alleging breach of contract and violations of Texas Insurance Code, articles 21.21 and 21.55.[8]

Great American moves for summary judgment, arguing that Waterhill's breach of contract and Texas Insurance Code causes of action are precluded as a matter of law. Great American first argues that it has not breached its insurance contract with Waterhill because it complied with the Appraisal Provision in the Policy. The Appraisal Provision of the Policy provides as follows:

---

[8]Plaintiff's Original Petition refers to Articles 21.21 and 21.55 of the Texas Insurance Code, which were recodified effective April 1, 2005, after the date Plaintiff filed its Original Petition. The relevant sections of Articles 21.21 and 21.55 are now codified at § 542.003, and § 542.058 of the Texas Insurance Code, respectively.

-4-

> If we and you disagree on the value of the property or the amount of loss, either may make written demand, within 60 days after our receipt of a signed, sworn proof of loss, for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire . . . The appraisers will state separately the value of the property and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.[9]

In Texas appraisal clauses are enforceable and binding against the parties to the dispute. In re Allstate County Mutual Ins. Co., 85 S.W.3d 193, 195 (Tex. 2002). In a recent Texas case the court held that an insurer complying with the appraisal process contained in the insurance contract did not breach the contract. Breshears v. State Farm Lloyds, 155 S.W.3d 340, 344 (Tex. App. -- Corpus Christi 2004, pet. denied). The facts of this case and Breshears are similar,[10] and the language of the appraisal clauses in both Breshears and the Policy state that the decisions reached by the appraisers and umpire will be "binding." Id. at 344.

---

[9]The Policy, Commercial Inland Marine Coverage Part, Texas Changes, B, contained in Defendant's Motion for Summary Judgment, Docket Entry No. 5, Exhibit B.

[10]Breshears involved a homeowners insurance policy that was invoked when the home required plumbing repairs. Id. at 341-42. The insured and insurer disagreed as to the cost of the plumbing repairs, and the insurance contract provided for an appraisal in the event of disagreement. Id. at 342. The insured filed suit, which the court abated pending the appraisal. Id. The appraisal process determined the amount of the loss, and the insurer sent a check for the additional amount due within 30 days. Id. The insured continued to pursue a lawsuit, claiming breach of contract and a violation of article 21.55 of the Texas Insurance Code. Id.

Because Great American complied with the appraisal process spelled out in the contract, it did not breach the contract.[11]

Waterhill also asserts causes of action under articles 21.21 and 21.55 of the Texas Insurance Code.  Article 21.21 deals with unfair claims settlement practices by insurers.  To establish a violation of Article 21.21, a plaintiff must show "(1) the absence of a reasonable basis for denying or delaying payment of the benefits of the policy *and* (2) that the carrier knew or should have known that there was not a reasonable basis for denying the claim or delaying payment of the claim."  <u>Aranda v. Insurance Co. of North America</u>, 748 S.W.2d 210, 213 (Tex. 1988).  <u>See also</u> <u>Higginbotham v. State Farm Mut. Auto. Ins. Co.</u>, 103 F.3 456, 460 (5th Cir. 1997) (noting that in Texas an Article 21.21 extra-contractual claim requires the same predicate for recovery as bad faith causes of action).

Great American has submitted evidence of a bona fide dispute between the parties over the proper amount of payment due under the Policy.  It has established a reasonable basis for delaying payment, based on its dispute with Waterhill regarding the amount due under the Policy.  When that dispute could not be resolved, Great American invoked the appraisal process provided for by the

---

[11]The contract requires that if the parties disagree on the amount of loss, the appraisal process must be invoked within 60 days of a signed, sworn proof of loss.  Although the fire occurred in October of 2003 and the appraisal clause was not invoked until March of 2004, Waterhill has not put forth any evidence that it submitted a signed, sworn proof of loss more than 60 days before the appraisal provision was invoked.

Policy to resolve the dispute.  Once the appraisal process was complete on November 16, 2004, Great American promptly tendered the balance due Waterhill on November 19, 2004.[12]  Based on these facts, Waterhill cannot establish that Great American acted unreasonably.

Finally, Waterhill's petition states that Great American failed "to pay Plaintiff's claim within the time limits" provided by article 21.55.  Under article 21.55, an insurer who delays payment of a claim beyond 60 days after receipt of all necessary "items, statements, and forms reasonably requested and required," is liable for 18 percent interest on the amount of the claim and reasonable attorney's fees.[13]  Great American asserts the following:

> The fire loss in the instant case occurred in October of 2003.  Shortly thereafter, Great American inspected the property and eventually determined that it could be repaired for $143,490.65.  Plaintiff disputed this determination and, when the dispute could not be resolved, Great American invoked its rights under the Appraisal provision. Great American thereafter named its appraiser and, in an effort to handle the claim expeditiously and in good faith, issued a check for the undisputed portion of the claim[.][14]

---

[12]The check had to be reissued because Great American initially included the wrong lender on the draft.  It was reissued on December 3, 2004.  Defendant's Motion for Summary Judgment, Docket Entry No. 5, Exhibit D.

[13]TEX. INS. CODE ANN. art. 21.55, § 3(f).  To maintain an action for damages under article 21.55, a plaintiff must establish: (1) a claim under an insurance policy, (2) the insurer's liability for the claim, and (3) the insurer's failure to follow one or more sections of article 21.55 with respect to the claim.  Allstate Ins. Co. v. Bonner, 51 S.W.3d 289, 291 (Tex. 2001).

[14]Defendant's Motion for Summary Judgment, Docket Entry No. 5, ¶ 18 (internal citations omitted).

Waterhill has not submitted any evidence to dispute this timeline and establish that more than 60 days elapsed between the time that Great American received the necessary "items, statements, and forms" and the time it tendered the first check. In addition, Waterhill cannot base its allegations on the period of time before the second check was issued. A delay in payment pursuant to the appraisal process does not constitute an article 21.55 violation. Breshears, 155 S.W.3d at 345.

### III. Conclusion and Order

For the reasons explained above, the court concludes that Waterhill has failed to prove that Great American breached the insurance contract or violated article 21.21 or 21.55 of the Texas Insurance Code. Accordingly, Defendant's Motion for Summary Judgment (Docket Entry No. 5) is **GRANTED**.

**SIGNED** at Houston, Texas, on this 16th day of March, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE